```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

EVERETTE WEAVER,

                    Plaintiff,           MEMORANDUM & ORDER
                                         20-CV-1082(EK)(CLP)
          -against-

ROGER E SIEGEL, ESQ., et al.,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

This is the latest in a long series of legal actions brought by Plaintiff Weaver in relation to property located at 489 Classon Avenue in Brooklyn. Plaintiff's claims arise, broadly speaking, out of his 2008 purchase, and subsequent loss in foreclosure, of the property. He alleges violations of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961-1968, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(2)-1692(p), as well as various state-law claims.

The Court has received Chief Magistrate Judge Cheryl L. Pollak's *sua sponte* Report and Recommendation (R&R) dated September 21, 2020. ECF No. 24. Judge Pollak recommends that this action be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). She further recommends that the Court

1

decline to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Plaintiff filed timely objections to the R&R, ECF No. 27, to which the Defendants did not respond.

A district court reviewing a magistrate judge's R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court reviews *de novo* those portions of an R&R to which a party has specifically objected. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).

Having conducted a *de novo* review of the thorough Report and Recommendation, the Court finds no error and adopts the R&R in its entirety. The dismissal of this action is, therefore, based on multiple grounds. First, "[s]imply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Securities, Inc. v. Tang,* 290 F.3d 132, 137 (2d Cir. 2002). Where, as here, "the cause of action alleged is so patently without merit," the action may be dismissed for lack of jurisdiction. *Id.* In

addition, the Court has the power to dismiss a complaint *sua sponte* for failure to state a claim, so long as the plaintiff is given notice and an opportunity to be heard. *Grant v. Cty. of Erie*, 542 F. App'x 21, 24 (2d Cir. 2013); *see also 3801 Beach Channel, Inc. v. Shvartzman*, No. 05-CV-0207, 2007 WL 2891119, at *1 (E.D.N.Y. Sept. 28, 2007) (dismissing one of plaintiff's claims *sua sponte* where the R&R put plaintiff on notice that the court would consider dismissal for failure to state a claim). Here, Judge Pollak's Report and Recommendation put Plaintiff on notice that the case could be dismissed for failure to state a claim, and Plaintiff filed written objections. Therefore, and for the reasons set forth in the comprehensive Report and Recommendation, this Court exercises its inherent power to dismiss the complaint for failure to state a claim as to the federal-law counts. Having done so, I decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

In sum, the Court adopts Judge Pollak's Report and Recommendation in its entirety. This case is dismissed, as are

all outstanding motions.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

    /s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:    December 3, 2020
           Brooklyn, New York